**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF COLORADO**

| | |
|---|---|
| **CHARLOTTE WEIGEL**, ) | |
| ) | |
| Plaintiff ) | |
| ) | **Case No.:** |
| v. ) | |
| **STUDENT ASSISTANCE** ) | **COMPLAINT AND DEMAND FOR** |
| **CORPORATION**, ) | **JURY TRIAL** |
| ) | |
| Defendant ) | **(Unlawful Debt Collection Practices)** |

## COMPLAINT

CHARLOTTE WEIGEL ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against STUDET ASSISTANCE CORPORATION ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, ("TCPA"), 47 U.S.C. § 227, *et seq*.

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant has an office and conducts business in the State of Colorado and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in Thorton, Colorado.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a lender with its headquarters located at 123 Justison Street, Wilmington, DE 19801.

8. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

10. Plaintiff has a cellular telephone number that she has had for over a year.

11. Plaintiff has only used this number as a cellular telephone number.

12. Beginning in or around late June 2015 and continuing through June 2016, Defendant repeatedly called Plaintiff on a daily basis on her cellular telephone in its attempts to collect an alleged student loan debt.

13. Defendant made these calls from the following phone numbers: (317) 550-5549, and (765) 637-0782. The undersigned has since confirmed that these numbers belong to Defendant.

14. When contacting Plaintiff, Defendant used an automatic telephone dialing system and/or artificial or pre-recorded messages.

15. Plaintiff knew that Defendant used an automatic telephone dialing system and/or artificial or pre-recorded messages because calls included a pre-recorded voice.

16. When the calls first began, Plaintiff told Defendant she could not afford to make any payments, and requested calls to cease.

17. However, Defendant continued to call Plaintiff on her cellular telephone.

18. Plaintiff repeated her request for calls to cease on several other occasions through June 2016.

19. However, Defendant continued to ignore Plaintiff's requests and call her.

20. Once Defendant knew its calls were unwanted there was no lawful purpose for these continued calls.

21. Defendant's calls were not for emergency purposes, but were to collect on an alleged student loan debt.

22. These repeated and continuous phone calls were aggravating and annoying to Plaintiff.

23. Eventually, Plaintiff took measures to block calls from Defendant's number.

**COUNT I**
**DEFENDANT VIOLATED THE**
**TELEPHONE CONSUMER PROTECTION ACT**

24. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

25. Defendant initiated multiple telephone calls to Plaintiff's cellular telephone using an automatic or "predictive" dialing system.

26. The calls were made using an artificial or pre-recorded voice.

27. Defendant's calls to Plaintiff were not made for emergency purposes.

28. Plaintiff verbally revoked any prior consent she may have given to Defendant to call her cellular telephone in or around June 2015.

29. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

30. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

31. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, CHARLOTTE WEIGEL, respectfully prays for a judgment as follows:

  a. All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

  b. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

  c. Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

  d. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

  e. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, CHARLOTTE WEIGEL, demands a jury trial in this case.

Respectfully submitted,

DATED: February 23, 2017

By: /s/ Amy Lynn Bennecoff Ginsburg
Amy Lynn Bennecoff Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: (215) 540-8888
Facsimile (215) 540-8817
Email: aginsburg@creditlaw.com
Attorney for Plaintiff